UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR LEE BELL,

                        Case No. 2:12-cv-15077

          Plaintiff,       Judge Nancy G. Edmunds

v.                       Magistrate Judge Anthony P. Patti

JAMES BIVEN,
MARVIN BUTLER and
CITY OF DETROIT,

              Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY
MOTION TO REOPEN (DE 46) and DENYING PLAINTIFF'S MOTIONS
FOR THE APPOINTMENT OF COUNSEL (DEs 49, 54, and 55)**

I.    **OPINION**

    A.    **Bell's State Court Criminal Proceeding Provides a Backdrop to
          the Instant Federal Civil Rights Case.**

Arthur Lee Bell (#183004) is currently incarcerated at the MDOC's

Muskegon Correctional Facility (MCF).[1]  He is serving a life sentence imposed in

state court on July 3, 1989.  *See* Case No. 89-003844-01 (Recorders Court).

A brief review of Bell's state court post-conviction process is helpful to the

issues currently before this Court.  Following Bell's sentencing, he filed an appeal,

---

[1] (*See* DEs 47, 58, 59; www.michigan.gov/corrections, "Offender Search," last
visited Apr. 24, 2019.)

1

and, on April 23, 1990, the Court of Appeals remanded the case "for the purpose of conducting an evidentiary hearing on the assertion that the defendant was denied the effective assistance of counsel." Case No. 120770 (Mich. App.) On September 2, 1992, the Court of Appeals determined that Bell "ha[d] failed to establish a claim of ineffective assistance of counsel."[2] On October 22, 1992, Bell filed a delayed application for leave to appeal. (*Id.*) However, on March 29, 1993, the Michigan Supreme Court denied leave to appeal. *People v. Bell*, 442 Mich. 877, 500 N.W.2d 473 (1993) (Table).

On March 12, 2009, Bell filed a motion for relief from judgment, which was denied on May 7, 2009. Case No. 292248 (Mich. App.). On September 3, 2009, the Court of Appeals denied Bell's application for leave to appeal, because Bell had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (*Id.*) On February 26, 2010, the Michigan Supreme Court denied the application for leave to appeal the September 3, 2009 order of the Court of Appeals for the same reason. *People v. Bell*, 485 Mich. 1101, 778 N.W.2d 225-26 (2010) (Mem.).

**B.    Bell's Petition in this Court for a Writ of Habeas Corpus Was Unsuccessful.**

---

[2] The Court of Appeals decisions are part of the record in Plaintiff's habeas case. *See* Case No. 2:06-cv-15086-AJT-RSW (DE 20 at 1, DE 47-13 at 34).

On November 14, 2006, Bell filed a petition for a writ of habeas corpus. *Bell v. Howes*, Case No. 2:06-cv-15086-AJT-RSW (E.D. Mich.)  On December 28, 2010, Judge Tarnow entered an opinion and order conditionally granting Bell's petition for a writ of habeas corpus.  *Bell v. Howes*, 757 F. Supp. 2d 720, 722 (E.D. Mich. 2010).  In sum, the Court concluded that "Bell's rights[,] under *Brady v. Maryland*, were violated and that he received ineffective assistance of counsel and that the state court's findings to the contrary were an unreasonable application of *Brady* and *Strickland v. Washington*."  *Bell*, 757 F. Supp. 2d at 738.  However, on December 19, 2012, the Sixth Circuit vacated the district court's judgment conditionally granting Bell's petition for writ of habeas corpus and remanded for further proceedings consistent with the opinion.  *Bell v. Howes*, 703 F.3d 848, 856 (6th Cir. 2012).

An evidentiary hearing was scheduled for May 17, 2013; however, on that date, the Court conducted a telephonic status conference.  On January 23, 2014, Judge Tarnow entered an opinion and order on remand denying the petition for a writ of habeas corpus and granting a certificate of appealability.  *Bell v. Howes*, No. 2:06-CV-15086, 2014 WL 255886 (E.D. Mich. Jan. 23, 2014).  The Court found "further factual development unwarranted." *Bell*, 2014 WL 255886, at *2. Although the Court granted Bell's motion to amend his habeas petition, the Court found that "Bell's ineffective assistance of counsel claim added by amendment is

3

procedurally defaulted" and that "he has not shown cause to excuse his procedural default." *Id.* at *7-*8. In addition, the Court held that "the remaining claims are untimely." *Id.* at *8. In granting the certificate of appealability, the Court noted its belief that "Bell remains incarcerated pursuant to an unjust conviction." *Id.* at *7-*8.

On June 29, 2017, the Sixth Circuit affirmed the district court's judgment. *Bell v. Howes*, 701 F. App'x 408, 414 (6th Cir. 2017). Among other things, the Court noted that "the witness statements predicating Bell's new claim are only minimally persuasive evidence of his actual innocence[,]" and that "both Matthews and Dickens's statements are entitled to little weight because they are unsworn." *Bell*, 701 F. App'x at 412. In mandates issued on August 25, 2017 and December 4, 2017, the Supreme Court of the United States denied Bell's petition for a writ of certiorari.

### C. Plaintiff's Instant Civil Rights Case, which Concerns His Arrest and State Court Conviction, Was Stayed and Administratively Closed in July 2013.[3]

---

[3] Plaintiff's prior cases in this Court include: **(1)** a prisoner civil rights case that was transferred to the Western District of Michigan (*Bell v. Curtis, et al.*, Case No. 2:03-cv-74946-AJT); **(2)** the aforementioned petition for a writ of habeas corpus (*Bell v. Howes, et al.*, Case No. 2:06-cv-15086-AJT-RSW); and, **(3)** another prisoner civil rights case that was transferred to the W.D. Mich. (*Bell, et al. v. Restuccia et al.*, Case No. 2:07-cv-13858-MOB-DAS).

Meanwhile, on November 15, 2012 – *after this Court's conditional grant of habeas relief, but before the Sixth Circuit's order vacating that decision and remanding the case for further proceedings* – Plaintiff, via counsel, filed the instant fee-paid lawsuit against Detective James Biven, Detective Marvin Butler, and the City of Detroit, concerning Plaintiff's alleged October 4, 1988 and March 16, 1989 arrests and subsequent June 1989 conviction. (DE 1 ¶¶ 8, 12, 29; *see also* Case No. 89-003844-01 (Wayne County)). Plaintiff alleges false arrest based on 42 U.S.C. § 1983, false arrest based on state law, and a state law claim of intentional infliction of emotional distress (IIED). (DE 1 ¶¶ 3-36.) Moreover, Plaintiff appears to allege that Defendant City of Detroit is liable via *respondeat superior* and that it should indemnify the individual officer Defendants Biven and Butler. (DE 1 ¶¶ 37-40.)

Defendants have filed answers. (DEs 4, 18.) On July 30, 2013, this case was stayed and administratively closed due to the City of Detroit's voluntary petition for protection under Chapter 9 of the Bankruptcy Code. (DE 25.)

### D. Plaintiff's First Motion to Re-open Was Denied Without Prejudice.

On July 17, 2014, Plaintiff filed a *pro se* motion, which, in part, sought the appointment of counsel. It was denied on July 22, 2014. (DE 26.) At that point, the City of Detroit's bankruptcy petition was still pending. (*Id.*)

It appears that a bankruptcy plan was confirmed in November 2014. *In re City of Detroit*, 524 B.R. 147, 159 n.1 (Bankr. E.D. Mich. Dec. 31, 2014). (*See also* DE 33.) Plaintiff's case remained dormant for approximately a year and a half. Then, Plaintiff filed several *pro se* motions:

- On June 1, 2016, Plaintiff filed a motion to re-open his petition for the appointment of counsel based on exceptional circumstances. (DE 28.)

- On August 15, 2016, Plaintiff filed an application for leave to file a motion for summary judgment. (DE 31.)

- On September 6, 2016, Plaintiff filed an expedited motion for Defendants to show cause, which was referred to me for hearing and determination. (DEs 37, 38.)

Within this timeframe, on August 18, 2016, Plaintiff's local counsel filed a motion to re-open the case to allow local counsel to withdraw, and, on August 30, 2016, Judge Edmunds referred the case to me for all pretrial proceedings. (DEs 35, 36.)

On September 19, 2016, I entered an opinion and order denying Plaintiff's motions (DEs 28, 31, 37), granting the motion to withdraw in part (DE 35), and directing the Clerk of the Court to: **(1)** strike Plaintiff's notice (DE 29); and, **(2)** designate Plaintiff as *in pro per*. (DE 39.) With respect to Plaintiff's then attorney's motion to re-open the case for the purpose of withdrawing, the order clarified that, "this motion will be granted to the extent it seeks to permit counsel to withdraw, *albeit without re-opening the case as a whole.*" (DE 39 at 11 (emphasis in original).) Importantly, my order also provided:

. . . Plaintiff's pro se June 1, 2016 motion to re-open petition for the appointment of counsel based on exceptional circumstances **(DE 28)** is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of pro bono counsel if this case is reopened, survives dispositive motion practice, proceeds to trial, and/or if any other circumstances demonstrate such a need in the future.

(*Id.* at 12-13.)

### E. Plaintiff's Second Motion to Re-open Is "Based On" the Sixth Circuit's June 29, 2017 Order in His Habeas Case.

#### 1. The motion papers

On January 3, 2019, Plaintiff filed an emergency motion to re-open his 42 U.S.C. § 1983 proceeding, the title of which claims it is:

> . . . based on the . . . Sixth Circuit['s] June 29, 2017 court order identifying withheld documents within the Detroit Police homicide file that support Plaintiff['s] position that Defendant[s] submitted fraudulent documentation to this Court and U.S. District Judge Arthur J. Tarnow that another man, William Stubblefield / Willie King, was Chilly Will, the shooter of William Herk Thompson[.]

(DE 46 at 1.)  Although the motion begins with a procedural review of the instant case (*id.* at 2-3 ¶¶ 1-8), it then discusses several matters from Plaintiff's habeas case (*id.* at 3-6 ¶¶ 9-13).[4]  Notably, the Sixth Circuit opinion to which Plaintiff refers is an unfavorable ruling within his ongoing habeas case. *See Bell v. Howes*, 701 F. App'x 408 (2017).  Moreover, Plaintiff provides letters from the University

---

[4] Attached to this motion are several items related to *Bell v. Howes, et al.*, Case No. 2:06-cv-15086-AJT-RSW (the habeas case) or appeals therefrom.  (DE 46 at 8-19, 26 [Attachments 1-4, 7].)

of Michigan Law School's Federal Appellate Litigation Clinic and the law firm of Miller Johnson, and mentions Judge Tarnow's above-referenced belief that "Bell remains incarcerated pursuant to an unjust conviction[,]" in support of his claim of actual innocence (DE 46 at 6-7 ¶ 13; *see also id.* at 20-26 [Attachments 5-7]); however, the latter statement attributed to Judge Tarnow was made in the context of a Certificate of Appealability, essentially *in dicta* vis-a-vis his ruling on the merits. (See *id.* at 26.)  In the end, Plaintiff requests:

(1)     Proper asses[s]ment of the enclosed documents[,] which show[] Durone Jenkins as the Chilly Will / Chill not William Stubblefield / Willie King[;]

(2)     For the Court to acknowledge [that] Plaintiff filed 17 *pro se* motion[s] in opposition to the Stubblefield / Willie King material[;]

(3)     That exculpatory evidence was deliberately withheld by the prosecution to mislead the Court[; and,]

(4)     For the Court to issue a ruling that the documentary evidence is sufficient to establish Plaintiff['s] actual innocence.

(*Id.* at 7.)

Plaintiff has twice supplemented this motion.  First, Plaintiff's January 2019 supplement attaches articles from *The Detroit Free Press*, apparently dated November 2012.  (DE 60 at 5-7.)  Among other things, Plaintiff claims that Priscilla Matthews' September 23, 1988 witness statement "establishes that

Chill/Chilly Will and Otto/Auto is in fact Durone Jenkins[,] the shooter in this case." (*Id.* at 4.)

Second, Plaintiff's February 2019 supplement provides three September 1988 witness statements from Priscilla Matthews. (DE 52 at 3-4 ¶¶ 4-5; *Id.* at 7-12.)[5] Plaintiff mentions the Detroit Police Department's homicide files, which he contends were "suppressed by the prosecution for more than 17 years[.]" (*Id.* at 2, 5.)[6] Plaintiff also offers June / July 2015 correspondence with Vanderbilt Law School – which contains extensive handwritten annotations all over it – to support his position. (*Id.* at 4-5, 14-18.) At the conclusion of this supplemental filing, Plaintiff sets forth "d[e]mands for judgment," as follows:

> Plaintiff request[s] an order declaring that the Defendants in the cause have acted in violation of the United States Constitution. Plaintiff demands to be awarded compensatory and punitive damages for the deprivation of his liberties protected by the Fourth, 5th, and Fourteenth Amendments to the United States Constitution.

---

[5] Although Ms. Matthews appears to have given two witness statements on September 23, 1988, one to Sgt. Robt Gerds (DE 52 at 7-8) and another to Hutnik (DE 52 at 9-10), the former was expressly mentioned by the Sixth Circuit in its June 29, 2017 decision. *See Bell*, 701 F. App'x at 412. It appears that Defendant Detective Marvin Butler, *i.e.*, "Inv. Marvin Butler," took the September 29, 1988 witness statement from Priscilla Matthews. (DE 52 at 11-12.)

[6] The Sixth Circuit's June 29, 2017 decision reflects that "appointed counsel obtained the Detroit Police Department's homicide file, which contained what was believed to be material, relevant evidence that the prosecution had not disclosed[.]" *Bell*, 701 F. App'x at 410.

(*Id.* at 5.)

## 2. Discussion

Judge Edmunds has referred the motion to re-open to me for hearing and determination. (DE 48.)[7] Upon consideration, Plaintiff's motion to re-open his 42 U.S.C. § 1983 proceeding (DE 46) is denied.

Preliminarily, the Undersigned recognizes that the July 30, 2013 administrative closure of this case was based not on its merits but on Defendant City of Detroit's bankruptcy proceedings. (DE 25.) Moreover, at the time of Defendants' most recent filing in this case – their August 16, 2016 response to Plaintiff's first motion to re-open – Defendants "d[id] not object in part to the case being reopened based upon the City of Detroit's Bankruptcy being lifted in 2014." (DE 33 at 1.)

Nonetheless, Plaintiff's present motion to reopen is based on the proceedings in Plaintiff's habeas case, *Bell v. Howes*, Case No. 2:06-cv-15086-AJT-RSW (E.D. Mich.). (*See* DE 46 ¶¶ 9-13.) A petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 is distinct from a claim of false arrest under 42 U.S.C. § 1983 or

---

[7] To the extent this motion seeks anything which could be construed as dispositive relief, Plaintiff should treat this opinion as having been offered in a report and recommendation. *See* E.D. Mich. LR 7.1(e)(1)(A), 28 U.S.C. § 636(b)(1)(B). As such, Plaintiff's attention is drawn to the related objection period, namely, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1).

under Michigan common law, which is the primary basis for Plaintiff's instant case of action. Plaintiff's Section 1983 false arrest claim concludes that Defendants – here, Detective Bivens, Detective Butler, and the City of Detroit – "withheld, concealed and obscured exculpatory evidence, . . . and/or failed to further investigate the true facts of the crime that would have exonerated the Plaintiff[.]" (DE 1 ¶ 36.) This summation rings of *Brady* violations and the issue of actual innocence, each of which was discussed within this Court's December 28, 2010 order conditionally granting Bell's petition for a writ of habeas corpus. (*See* DE 1 ¶ 30.) Yet, the Sixth Circuit has since vacated that decision. *Bell*, 703 F.3d at 856. And, this Court's subsequent decision rejected the ineffective assistance of counsel claim that was added in the amended petition. *Bell*, 2014 WL 255886, *7-*8. It was affirmed by the Sixth Circuit on June 29, 2017. *Bell*, 701 F.App'x at 414. If Plaintiff contests the proceedings within his petition for a writ of habeas corpus, such as a claim that "the attorneys from both sides deliberately mislead . . . Judge Tarnow . . . into tying William Stubblefield / Willie King to the aliases "Chilly Will" / "Chill," (DE 46 ¶ 12, DE 60 at 2 ¶ 1) or that such acts played a part in Judge Tarnow's decision to not hold the evidentiary hearing originally scheduled for May 17, 2013 (*see* DE 60 at 3 ¶ 5), or if Plaintiff seeks to pursue his aforementioned prayers for relief, including declaratory relief as to the validity of

his conviction (DE 46 at 7), he should pursue such relief in his habeas case.[8]  Nor is the Court, at this time, in a position to declare that Defendants – here, Detective Biven, Detective Butler and the City of Detroit – have "acted in violation of the United States Constitution."  (DE 52 at 5.)  That remains to be seen, as the habeas case continues to run its lengthy course.

Moreover, and perhaps more problematic to Plaintiff's instant request to re-open, it seems that Plaintiff's federal cause of action – a 42 U.S.C. § 1983 false arrest claim -  would be futile at this time.  As my September 19, 2016 order stated:

> . . . even though Plaintiff's claims against defendant detectives and the City of Detroit allege false arrest preceding his conviction, Plaintiff's current claims about suppressed, exculpatory evidence are more appropriately raised in a 28 U.S.C. § 2254 petition for writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

(DE 39 at 6.)  In addition, my order provided:

> . . . Plaintiff's complaints about the events which occurred in the underlying criminal matter (Case No. 89-003844-01 (Wayne County) – whether they concern his March 16, 1989 arrest warrant, the April 10, 1989 arraignment on information, the April 21, 1989 pretrial conference, his June 1989 bench trial or alleged prosecutorial misconduct by Daniel Less (*see*, *i.e.*, DE 31 at 6-8) – are more appropriately raised in a 28 U.S.C. § 2254 petition for writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. at 486-487.

---

[8] Among Plaintiff's prayers for relief here is "for the Court to acknowledge Plaintiff filed 17 pro se motion[s] in opposition to the Stubblefield / Willie King material[.]"  (DE 46 at 7 ¶ 2.)  There are approximately 20 motions currently pending in the habeas case, including a July 12, 2018 emergency motion to strike certain filings and adjudicate others (DE 322) and an April 15, 2019 motion seeking appointment of "specialized counsel" (DE 338).  *See* Case No. 2:06-cv-15086-AJT-RSW (E.D. Mich.).

(DE 39 at 9.)  Because Bell's conviction has not been overturned on appeal, his

petition for a writ of habeas corpus is not presently successful, and his conviction

has not otherwise been terminated in his favor, his federal civil rights claim would

be barred by *Heck*.  *See Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999)

("As Callihan is apparently facing state criminal charges, under *Heck,* Callihan's

civil rights action must be dismissed without prejudice until the state proceedings

have resulted in a not guilty verdict, or any conviction has been overturned on

appeal or questioned in a federal habeas corpus petition.").  *See also Townsend v.*

*Roberts*, No. 13-11581, 2013 WL 3732884, at *3 (E.D. Mich. July 15, 2013)

("This dismissal is without prejudice to Plaintiff's right to renew his false-

arrest claim if his conviction is invalidated by state officials or impugned in a

federal habeas corpus petition.") (citing *Callihan,* 178 F.3d 800, 804 (6th Cir.1999)

(citing *Heck,* 512 U.S. at 486–87)); *Robinson v. Donovan*, No. 4:13-CV-14752,

2015 WL 4528036, at *10 (E.D. Mich. July 27, 2015), *aff'd* (6th Cir. Apr. 7, 2016)

("Since Robinson does not assert—and, indeed, there is no evidence—that his

conviction has been reversed by the Michigan state courts, called into question by

a federal writ of habeas corpus, or otherwise terminated in his favor, the *Heck*

doctrine bars this Court from considering his wrongful detention and false arrest

claims.") (emphasis added).  While Plaintiff did briefly receive habeas relief, that

13

outcome has been reversed. As such, it is futile to re-open Plaintiff's case to litigate his Section 1983 false arrest claim at this juncture.

Likewise, Plaintiff cannot presently proceed with a claim for false arrest under Michigan common law. The Court cannot help but notice that Plaintiff's Complaint all flows from an alleged false arrest. (DE 1, Counts I & II.)  Yet Plaintiff's conviction has been appealed and affirmed. Plaintiff's habeas case, while initially successful, is presently unfavorable, but has yet to reach a definitive conclusion.  In order to make out a cause of action for false arrest, a plaintiff must show an "illegal and unjustified arrest" and a lack of probable cause. *Walsh v. Taylor*, 263 Mich. App. 618, 626, 689 N.W.2d 506 (2004).  A conviction is conclusive evidence of probable cause.  *Blase v. Appicelli*, 195 Mich. App. 174, 489 N.W.2d 129, 131 (1992).  At this moment in time, Plaintiff's conviction stands, and accordingly, probable cause for his arrest has been established.  It cannot be deemed "illegal and unjustified" in the instant tort case.

**F.     Plaintiff again seeks the appointment of counsel.**

The Court denied without prejudice Plaintiff's July 17, 2014 motion for the appointment of counsel.  (DEs 26, 27.)  The Court has also denied without prejudice Plaintiff's *pro se* June 1, 2016 motion to re-open petition for the appointment of counsel based on exceptional circumstances.  (DEs 28, 39.)

Currently before the Court are Plaintiff's February and March 2019 motions for the appointment of counsel.  (DEs 49, 54, 55.)  Each of these matters has been referred to me.  (DEs 50 and 56.)

Upon consideration, Plaintiff's motions for the appointment of counsel (DEs 49, 54, and 55) are denied without prejudice.  Preliminarily, and as noted in my September 19, 2016 order, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to *recruit counsel* under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). (*See* DE 39 at 6.)  More problematically, Plaintiff's federal civil rights case has not been re-opened.  It makes little sense to recruit counsel where this particular lawsuit remains closed.[9]

## II.    ORDER

For the foregoing reasons, Plaintiff's January 3, 2019 emergency motion to reopen (DE 46) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may renew his

---

[9] Incidentally, of the currently pending motions in Plaintiff's habeas case, several relate to the appointment of counsel.  *See* Case No. 2:06-cv-15086-AJT-RSW (DEs 264, 323, 328, 338).

motion to re-open this case if and when his Section 1983 false arrest claim is not *Heck*-barred.

Moreover, Plaintiff's motions for the appointment of counsel (DEs 49, 54, 55) are **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case is reopened, survives dispositive motion practice, proceeds to trial, and/or if any other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: April 23, 2019
s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 24, 2019 electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti