**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTHUR LEE BELL,

    Plaintiff,

v.

JAMES BIVEN, MARVIN BUTLER,
and the CITY OF DETROIT

    Defendants.
_____/

Case No. 12-15077

Honorable Nancy G. Edmunds

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE
MAGISTRATE JUDGE'S APRIL 24, 2019 ORDER AND OPINION [65]**

On April 24, 2019, the Magistrate Judge entered an order and opinion denying Plaintiff's emergency motion to reopen his case and denying Plaintiff's motions for appointment of counsel. (ECF No. 64.) Although Plaintiff's federal civil rights action was originally administratively closed by this Court as a result of the City of Detroit's now-completed bankruptcy case, the Magistrate Judge held that Plaintiff's case should nevertheless remain closed because Plaintiff's claims are futile at this time under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[1]

Pending before the Court is Plaintiff's objection to the Magistrate Judge's order. (ECF No. 65.) In his objection, Plaintiff argues that the Magistrate Judge should have

---

[1] In *Heck*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck*, 512 U.S. at 487. As the Magistrate Judge found, Plaintiff's conviction has not been overturned on appeal, his petition for writ of habeas corpus is not presently successful, and his conviction has not otherwise been overturned. Therefore, under *Heck*, his federal civil rights claims are barred.

1

ordered the case to be reopened because the original order closing and staying the case was based on the pendency of the City of Detroit's bankruptcy, not on the futility of Plaintiff's claims. The Court disagrees. The Magistrate Judge's order was neither contrary to law nor clearly erroneous. Moreover, the Court reviewed the record in its entirety and finds that the Magistrate Judge was correct to deny Plaintiff's motions and order Plaintiff's case to remain closed. The Court therefore **OVERRULES** Plaintiff's objection and **ACCEPTS** and **ADOPTS** the Magistrate Judge's Order and Opinion.

Further, to the extent the Magistrate Judge's order conflicts with the Court's July 30, 2013 order staying and administratively closing the case as a result of the City of Detroit's bankruptcy proceeding, the Court hereby **ORDERS** that this case is **CLOSED** for administrative and statistical purposes, without prejudice, because Plaintiff's claims are currently barred by the Supreme Court's holding in *Heck*. Plaintiff may renew his motion to reopen this case and for the recruitment of *pro bono* counsel when and if his section 1983 claim is not *Heck*-barred.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 23, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager